IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

XAVIER IRIZARRY SÁNCHEZ,

    Petitioner,

v.                                                                    CIVIL NO.: 10-1088 (FAB- MEL)

WARDEN PENUELAS et als.,

    Respondents.

**REPORT AND RECOMMENDATION**

**I. PROCEDURAL BACKGROUND**

On August 4, 2005, petitioner Xavier Irizarry Sanchez's ("Irizarry" or "petitioner") was convicted of two counts of first-degree murder under Article 83 of the Puerto Rico Penal Code of 1974, 33 L.P.R.A. §4002 and two counts of carrying and using firearms without a license, in violation of Article 5.04 of the Weapons Act of 2000, 25 L.P.R.A.§458(c). (Docket No. 22-4 at 1.) On October 3, 2005, petitioner submitted a motion requesting a new trial, but the same was eventually dismissed by the Court of First Instance, San Juan Division. (Docket 22-4 at 1-2.). On October 19, 2005, the Court of First Instance sentenced petitioner to serve two concurrent ninety-nine year sentences for each of the first-degree murder counts, plus twenty years – consecutive to each other and to the sentences for the first degree murder counts – for each of the weapons charges. Id. Defendant, thus, was sentenced for a total term of imprisonment of 139 years.

Petitioner appealed and on August 8, 2007, the Court of Appeals of the Commonwealth of Puerto Rico affirmed the lower court's judgment and denied petitioner's

request for a new trial.[1]  (See Docket No. 22-4.)  According to petitioner's own habeas corpus petition, he then filed a writ of *certiorari* which was denied by the Supreme Court of Puerto Rico on November 16, 2007.  (Docket  No.4  at 5.).

Undaunted, on May 8, 2008, petitioner filed a motion under Rule 192.1 of the Puerto Rico Code of Criminal Procedure at the Court of First Instance praying for the annulment of the sentence imposed allegedly in violation of the "Constitutions and laws of the Commonwealth of Puerto Rico and the United States for fair and impartial trials, due process of law and the beyond reasonable doubt standard of evidence of guilt." (Docket No. 22-2 at 13).  In particular, petitioner contended that there were contradictions in the evidence for the prosecution, witness vouching by the prosecutor, and lack of sufficient evidence to render a guilty verdict.  (Docket No. 22-2, 7-13.) On August 7, 2008 the Court of First Instance denied the motion under Rule 192.1, prompting petitioner to request the Court of Appeals of the Commonwealth of Puerto Rico to issue a writ of *certiorari* and to revoke the lower court's denial of said motion. (Docket No. 22-3 at 1.)  On December 18, 2008, however, the Court of Appeals denied the issuance of the writ of *certiorari*.  (Docket No. 22-3 at 3.)

Pending before the court is Irizarry's *pro se* habeas corpus petition pursuant to 28 U.S.C. §2254.  Petitioner lists three grounds for making his habeas corpus petition. (Docket No. 4.).  The first is new evidence given that petitioner alleges that the only witness against

---

[1] Petitioner alleged the following statements of error: "(1) the jury erred as a question of law  (a) by not granting the appellant the benefit of reasonable doubt having seen all the evidence on the crimes charged, (b) by lending credibility to the only defense witness for prosecution, his testimony being questionable, impossible and contradictory, and (c) by not absolving the appellant, having seen the impossibility of the prosecutor's theory about the scientific evidence presented; (2) the court erred by (a) not absolving appellant given the State's insufficient evidence against him, (b) by not granting the Motion for a New Trial, (b) allowing the appellant's right to a fair and impartial trial to be violated, (c) allowing his right to due process to be violated, (d) allowing the prosecutor to tell the jurors on several occasions during the final argument that he personally believed the only eyewitness's account of the events, thus creating prejudice in the minds of the jurors in favor of the only eyewitness' account of the events, and by lending the prestige of the office of a prosecutor and the government in order to give the testimony more weight, engaging in witness vouching, and not investigating the allegations of prejudice and impartiality of a member of the jury concerning events presented by the defense." (Docket No. 22-4 at 2).

him testified that at the time of the crime she was with another person named Noemí Torres, a witness that could not be found at the time of trial. Id. at 11. Petitioner contends that Noemí Torres appeared after the trial and stated that she was not present during the incident. Id.. The second ground is that the verdict was contrary to evidence given that there was insufficient evidence to sustain a guilty verdict because the testimony of the only fact witness was contrary to scientific evidence contained in the autopsy reports. Id. at 12. Third, petitioner alleges that the judgment violates the Constitution and laws of Puerto Rico and the United States given that his due process rights were violated by the vouching of the prosecutor for the credibility of the only fact witness during his closing argument. Id. at 12-13.

Pending as well is an unopposed motion to dismiss Irizarry's habeas corpus petition filed by repondents Guillermo Somoza Colombani, Attorney General of Puerto Rico, and Juan Díaz Pagán, Warden of the Maximum Security Institution in Peñuelas, Puerto Rico. (Docket No. 18). For the reasons explained below, the pending dispositive motion should be GRANTED and Irizarry's habeas corpus petition should be DISMISSED.

## II. Legal Analysis

Petitioner's first argument is that there is new evidence that was not presented at trial, specifically the testimony of Noemí Torres. This argument is unsustainable. Petitioner has not submitted any affidavit by Noemí Torres regarding what her potential testimony would be. Rule 188 of the Puerto Rico Rules of Criminal Procedure states as follows in its pertinent part: "When a motion for new trial is made ... [on grounds that new evidence has been discovered], the defendant shall present the new evidence together with his motion in affidavits of the witnesses by whom such evidence is expected to be given." T.34 Ap. II, Rule 188. This matter was addressed by the Court of Appeals of the Commonwealth of Puerto Rico: "Moreover, even when he mentioned an alleged witness, the petitioner did not

include sworn statements or other additional evidence." (Docket No. 22-3 at 3). This defect was also highlighted by the Court of First Instance: "In this case, the defendant-convict alleges that there is other evidence that was not investigated and/or presented during the trial, which would have exonerated him of responsibility. However, he has not included the required sworn statements to the evidence." Id. at 2. Habeas corpus petitions are not a vehicle to circumvent clearly established procedural rules that do not violate the Constitution of the United States. Yeboah-Sefah v. Ficco, 556 F.3d 53, 66 (1st Cir. 2009) (holding that the "independent and adequate state ground doctrine ... applies to bar federal habeas when a state court declined to address a prisoner's federal claims because the prisoner has failed to meet a state procedure requirement.") (Citation omitted).

Petitioner also contends that there was insufficient evidence to sustain a guilty verdict because the testimony of the only fact witness was contrary to scientific evidence contained in the autopsy reports. Irizarry, however, fails to articulate in his habeas corpus petition what is the precise nature of the contradiction, if any. The court will not speculate. In order to avoid dismissal, the petitioner "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" Torres v. Bella Vista Hosp., Inc., 523 F. Supp. 2d 123, 133 (D.P.R. 2007) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).[2]

---

[2] Even if one were to take into account petitioner's Rule 192.1 motion into account, the fact that another person was found in possession of a weapon that had fired bullets with shells like the ones found at the scene of the crime is not necessarily contrary scientific evidence, as more than one person may have the same type of firearm with similar type of bullets. (Docket No. 22-2 at 3, ¶14). Petitioner might also be arguing that while the only fact witness testimony said that petitioner and another individual fired from a roof, Dr. Lydia Alvarez, forensic pathologist, "concluded that none of the bullets in the bodies had a top to bottom trajectory, perpendicular to the bodies and that none of the wounds was compatible with a bullet fired from the barrel of a gun that is over the heads of those persons. She stated that all wounds in the bodies go from either down to up or from the side. She stated that in this case, although wounds A and F described in the autopsy protocol of Víctor Reyes and wound C of the autopsy protocol of José Ayala area described as going up to down, they have a trajectory from the side; that is, from the back towards the front, and that none of the wounds have a sharp angle which is what is expected if the barrel of the weapon is located above the heads of standing bodies. She indicated that for this reason the wounds mentioned before are not compatible with a bullet fired from the barrel of a gun that is located above the heads of these persons." (Docket No. 22-2 at 5, ¶¶25-26). Although Dr. Alvarez's conclusions, as phrased in petitioner's Rule

Finally, Irizarry presents his habeas corpus petition on the basis of prosecutorial misconduct by witness vouching. Regardless of whether such witness vouching occurred, such issue does not raise a cognizable federal constitutional claim. See Young v. Horel, 2010 WL 3749478, *7 (C.D.Cal Aug. 10, 2010) (unreported) (not recognizing an allegation that a District Attorney committed witness vouching as federal constitutional claim); Dugger v. Adams, 489 U.S. 401, 409 (1989) ("[T]he availability of a claim under state law does not of itself establish that a claim was available under the United States Constitution).

WHEREFORE, for the foregoing reasons, respondents' motion to dismiss petitioner's request for habeas corpus should be GRANTED.

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this report and recommendation. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-51 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4, 6-7 (1st Cir.1986).

In San Juan, Puerto Rico, this 15th of March, 2011.

s/Marcos E. López
U.S. MAGISTRATE JUDGE

---

192.1 motion, should cause a deeper evaluation of the testimony of the only fact witness in this case as well as that of the autopsy reports, petitioner has still failed to establish sufficient grounds to justify the granting of habeas relief. First, the government's forensic pathologist's testimony, Eda Rodríguez, was stipulated to the effect that she would testify what was in the autopsy reports that she had prepared. (Docket No. 22-2 at 2, ¶ 6). According to the Rule 192.1 motion, the autopsy protocol describes certain wounds as "going up to down", which is consistent with the fact witness' testimony. If the testimony of the two forensic experts (one stipulated, the other one not) indeed are inconsistent with each other, the fact finder is free to weigh the evidence and draw the inferences and conclusions it deems proper. See Jackson v. Virginia, 443 U.S. 307, 326 (1979) ("a federal habeas corpus court faced with a record of historical facts that supports conflicting inferences must presume – even if it does not affirmatively appear in the record – that the trier of fact resolved any such conflicts in the favor of the prosecution, and must defer to that resolution.") Second, even taking Dr. Alvarez's testimony as to true that none of the wounds reveal a "sharp angle", this conclusion in and of itself is not necessarily inconsistent with a shoot-out from a roof. The angle of a wound depends, at least in part, on the distance at which the victim was standing at ground level to the shooter on the roof, a fact, once again, better analyzed by the fact finder at the trial level.